JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 0266**

---------------------------------------------------------------

E.D.F. MAN SUGAR, INC.,

        PLAINTIFF,

SUCDEN AMERICAS CORP.,

        DEFENDANT,

---------------------------------------------------------------x

VERIFIED COMPLAINT

RECEIVED JAN 1 4 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, E.D.F. MAN SUGAR, INC. ("MAN"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, SUCDEN AMERICAS CORP. ("SUCDEN"), alleges, upon information and belief, as follows:

FIRST: This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

SECOND: MAN was and is a business entity organized and existing under and by virtue of the laws of the laws of the State of Delaware, with an office and place of business located at 2525 Ponce De Leon Blvd., Miami, Florida 33134.

THIRD: SUCDEN, was and is a business entity, organized and existing under and by virtue of the laws of the State of Delaware, with an office and principle place of business located at 701 Brickell Avenue, Miami, Florida 33131-2820.

FOURTH: On or about March 31, 2010, MAN, as Buyer, and SUCDEN, as Seller, entered into a contract agreement (" Agreement") for the sale of a cargo of sugar. A copy of the Agreement is annexed hereto as "Exhibit A."

FIFTH: The quantity of cargo sold was subsequently amended to be in the amount of 21,179 Metric Tons. A copy of the final amendment to the contract between the parties hereto is annexed as "Exhibit B." which together with the Agreement comprised the Amended Agreement between MAN and SUCDEN.

SIXTH: The Agreement provided that the DOMINO SUGAR CORPRATIONS GENERAL CONTRACT PROVISIONS ("DOMINO PROVISIONS") were incorporated into and by reference made a part of the Amended Agreement.

SEVENTH: The DOMINO PROVISIONS stated, in part, that "Shipment of each cargo hereunder shall be made under Charter Party . . . which shall conform to the provisions for the "Bulk Sugar Charter Party-U.S.A." form of charter party . . . Attached hereto as Exhibit A. . . .which is made a part of this contract." A form 'Bulk Sugar Charter Party-U.S.A.' charter party as attached to the DOMINO PROVISIONS as Exhibit A is annexed hereto as "Exhibit C" to this Complaint.

EIGTH: The "Bulk Sugar Charter Party-U.S.A." warrants at Clause 5 that the "Charterer shall designate, and Vessel shall load at loading berth or berths where, in the opinion of the Master, the Vessel can lie always afloat and proceed and return always safely afloat."

NINTH: The DOMINO PROVISIONS also provided that the Defendant SUCDEN guarantees the performance of both the Owner and Charterer of the "Bulk Sugar Charter Party-U.S.A."

TENTH: On or about July 27, 2010 and thereafter until about August 2, 2010 the Motor Vessel ("M/V") PEARL K loaded sugar at Port Rosario, Argentina during which time the vessel grounded and could only be refloated some days after the initial grounding with tug assistance ("the Grounding"). As a result of the Grounding the loading quay began to sag and then collapsed leaving a large crater at the loading quay location.

ELEVENTH: The Head-Owner of the M/V PEARL K, PEARL K SHIPPING CO., LTD OF ST. VINCENT AND THE GRENADINES ("HEAD-OWNER") has commenced arbitration ("the Arbitration") in London against Plaintiff MAN, disponent Owner of the M/V PEARL K, seeking damages for an alleged breach of charter, breach of warranty, and, in particular, breach of the warranty

of safe berth set for the in the "Bulk Sugar Charter Party-U.S.A." and alleging that plaintiff MAN was otherwise at fault or liable to the HEAD-OWNER of the M/V PEARL K for all damages and losses suffered by it as a result of the grounding of the M/V PEARL and associated events, all of which has been denied by MAN.

TWELTH: The damages sought by the HEAD-OWNER of the M/V Pearl K are in excess of U.S.D. $2,000,000.00 [two million dollars]. In addition plaintiff MAN has incurred damages in the amount of no less than $200,000.00 [two hundred thousand dollars] which amount continues to accrue for legal fees, investigation and associated expenses as a direct result of SUCDEN's the grounding of the M/V PEARL and associated events.

## AS AND FOR A FIRST CAUSE OF ACTION

THIRTEEN: If any damages are awarded the HEAD-OWNER in the Arbitration, which claims have been specifically denied, said damages were caused by or contributed to by the culpable acts, default, negligence, carelessness, omissions, breach of contract, breach of warranty and/or strict liability on the part of the defendant, SUCDEN.

FOURTEEN: If any liability shall be imposed upon MAN in the Arbitration,
MAN should be awarded damages for indemnity and/or contribution against SUCDEN, together with costs and disbursements of this action and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

FIFTHTEEN: Plaintiff MAN repeats and realleges all of the matters stated in paragraphs ONE through FOURTEEN with equal force and effect as if the same were repeated at length herein.

SIXTEEN:   Pursuant to its duties under the Agreement, which incorporated the "Bulk Sugar

Charter Party-U.S.A.", SUCDEN was responsible for the direction of the M/V PEARL K to a safe berth for loading of the cargo of sugar which was the subject of the Amended Agreement.

SEVENTEEN: The Arbitration, and the claims asserted therein, are alleged failures in performance of the "Bulk Sugar Charter Party-U.S.A.", which performance is guaranteed by SUCDEN on behalf of both the Owner and the Charterer of said charter party.

EIGHTEEN: MAN has expended and continues to expend monies in and about its defense in connection with the Arbitration.

NINETEEN: Pursuant to the terms of the Agreement, SUCDEN is required to guarantee in all respects the performance of the charter party Exhibit C hereto, including but not limited to costs and attorneys 'fees incurred by MAN in connection with the Arbitration.

TWENTY: Pursuant to the terms of the Amended Agreement, SUCDEN is liable to reimburse MAN, with interest, for all costs and expenses incurred by or on behalf of MAN, including attorneys' fees, in and about its defense in connection with the Arbitration.

TWENTY ONE: If MAN is ultimately adjudged liable on account of matters stated by HEAD-OWNER in the Arbitration, SUCDEN shall be liable to MAN in indemnity and contract for all monies which MAN is made to pay to HEAD-OWNER, together with interest thereon, costs and attorneys' fees.

WHEREFORE, plaintiff, MAN, prays:

(a) That process in due form of law issue against Defendant, SUCDEN, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

(b) That judgment be granted in favor of Plaintiff MAN against Defendant, SUCDEN, for the entire amount of any liability which may be judicially determined;

(c) That Plaintiff, MAN, be granted indemnity from Defendant, SUCDEN, for the entire amount for which plaintiff may be found liable to the HEAD-OWNER of the M/V PEARL K (liability for same being expressly denied);

(d) That Plaintiff, MAN, be granted contribution from Defendant, SUCDEN, toward any amount for which Plaintiff may be found liable to HEAD-OWNER of the M/V PEARL K (liability for same being expressly denied); and

(e) That Plaintiff, MAN, be granted damages against Defendant, SUCDEN, toward any amount for which Plaintiff may be found liable to HEAD-OWNER of the M/V PEARL K (liability for same being expressly denied); and

(f) That Plaintiff, MAN, be granted damages against Defendant, SUCDEN, for any losses suffered by it as a result of the acts complained of herein, including, but without limitation, all expenses, attorney fees, disbursements and associated costs incurred in defending the Arbitration and claims made by HEAD-OWNER therein:

(g) That Third-Party Plaintiff, MAN, be granted such other and further relief, including all costs, attorneys' fees and disbursements incurred herein, as the Court may deem just and proper.

Dated: New York, New York
       January 14, 2014

MAHONEY & KEANE, LLP
Attorneys for Plaintiff E.D.F.MAN SUGAR, INC.

By: _____
    Edward A. Keane
    40 Worth St.
    Tenth Floor
    New York, New York 10005
    (212) 385-1422

## ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                                           : SS.:
COUNTY OF NEW YORK  :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint, and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff MAN is that the Plaintiff is a corporation none of the officers of which are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff MAN and its representatives, all of which I believe to be true and accurate.

_____
Edward A. Keane

Sworn to before me on this
14th day of January, 2014

_____
Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5076941
Qualified in New York County
Term Expires
4-28-2015