Anthony J. Pruzinsky
Brian P. R. Eisenhower
Hill Rivkins LLP
45 Broadway, 15th Floor
New York, NY 10006
(212) 669-0600
Attorneys for Defendant


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

E.D.F. Man Sugar, Inc.,

                    Plaintiff,                    Docket No.: 14 Civ. 0266 (KPF)

        - against -
                                                  **ANSWER**

Sucden Americas Corp.,

                    Defendant.
-----------------------------------------------------x


        Defendant Sucden Americas Corp. (hereinafter "Sucden"), by and through its

attorneys, Hill Rivkins LLP, as and for its Answer to the Complaint of E.D.F. Man

Sugar, Inc. (hereinafter "E.D.F. Man"), alleges upon information and belief as

follows:

        1.  Defendant Sucden Americas Corp. admits that this is an admiralty and

maritime claim as averred in Paragraph First of the Complaint, but denies that the

claim falls within "the court's pendent, supplementary and ancillary jurisdiction."

        2.  Defendant Sucden denies sufficient knowledge or information either to

confirm or to deny the allegations in Paragraph Second of the Complaint.

        3.  Defendant Sucden admits the allegations contained in Paragraph Third of

the Complaint.

4.  Defendant Sucden admits the allegations set forth in Paragraph Fourth of the Complaint, except to note that the contractual buyer was "E.D. and F. Man Sugar, Inc." and that the contract was amended on several occasions to increase the amount of product to be delivered thereunder.

5.  Defendant Sucden admits the allegations as set forth in Paragraph Fifth of the Complaint.

6.  Defendant, Sucden admits the allegation as set forth in Paragraph Sixth of the Complaint, but denies that the "Domino Provisions" were incorporated into and made a part of the amended contract.

7.  Defendant Sucden admits the wording of the "Domino Provisions" as averred in Paragraph Seventh of the Complaint, but denies knowledge or information sufficient to form a belief as to the accuracy of the form Bulk Sugar Charter Party-USA annexed as "Exhibit C" to the Complaint, or the truth of the allegation that "Exhibit C" to the Complaint is attached to the "Domino Provisions", or whether such charter form binds the parties to this matter.

8.  Defendant Sucden denies the allegations as set forth in Paragraph Eighth of the Complaint.

9.  Defendant Sucden denies the allegations as set forth in Paragraph Ninth of the Complaint.

10.  Defendant Sucden denies the allegations as set forth in Paragraph Tenth of the Complaint.

11. Defendant Sucden denies sufficient knowledge or information either to confirm or to deny the allegations in Paragraph Eleventh of the Complaint.

12.  Defendant Sucden denies sufficient knowledge or information either to confirm or to deny the allegations concerning the damages sought by the Head-Owner of the M/V Pearl K, and denies the remaining allegations set forth in Paragraph Twelfth of the Complaint.

## FIRST CAUSE OF ACTION

13.  Defendant Sucden denies the allegations as set forth in Paragraph Thirteenth of the Complaint.

14.  Defendant Sucden denies the allegations as set forth in Paragraph Fourteenth of the Complaint.

## SECOND CAUSE OF ACTION

15.  Defendant Sucden repeats, reiterates, and realleges each and every response contained in paragraphs number 1 through 14 inclusive of this Answer as though same were set forth herein at length.

16.  Defendant Sucden denies the allegations as set forth in Paragraph Sixteenth of the Complaint.

17.  Defendant Sucden denies the allegations as set forth in Paragraph Seventeenth of the Complaint.

18.  Defendant Sucden denies sufficient knowledge or information either to confirm or to deny the allegations set forth in Paragraph Eighteenth of the Complaint.

19.  Defendant Sucden denies the allegations as set forth in Paragraph Nineteenth of the Complaint.

20.  Defendant Sucden denies the allegations as set forth in Paragraph Twentieth of the Complaint.

21.  Defendant Sucden denies the allegations as set forth in Paragraph Twenty-First of the Complaint.

## AS AND FOR A GENERAL DEFENSE

22.     Any and all allegations not specifically admitted herein are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.     The Complaint fails to state a cognizable and actionable claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.     Plaintiff is barred from recovery under the doctrines of waiver, estoppel, and/or laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.     Plaintiff lacks standing and, therefore, Plaintiff's claims must be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     Plaintiff is not the real party in interest and has no claim against Sucden and, therefore, Sucden has no liability to Plaintiff at law or equity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     The dispute is subject to arbitration in New York pursuant to the alleged subcharter and accordingly this action should be dismissed and the Plaintiff should be compelled to arbitrate this dispute.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     If Plaintiff sustained any loss or damages, which is denied, said loss or damages were caused in whole or in part by its own fault, neglect, error, breach of contract, breach of warranty, acts or omissions and were not caused or contributed to in any manner by any alleged fault, negligence, want of care, breach of contract, breach of warranty, act or omission on the part of Sucden.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.     If Plaintiff sustained any loss or damages, which is denied, said loss or damages were caused solely by the fault, neglect, error, breach of contract, breach of warranty, act or omission of the vessel and/or third parties for which Sucden is not responsible and over which Sucden had no control, and were not caused or contributed to in any manner by any alleged fault, neglect, want of care, lack of due diligence, breach of contract, breach of warranty, act or omission on the part of Sucden.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30.     If Plaintiff sustained any loss or damages, which is denied, said loss or damages were not caused by any alleged fault, neglect, error, breach of contract, breach of warranty, act or omission on the part of Sucden, which performed all duties and obligations on its part to be performed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.     To the extent Plaintiff seeks to recover special, incidental, or consequential damages, Plaintiff is not entitled to recovery of such damages under the relevant contract or applicable law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32.     To the extent Plaintiff sustained any loss or damages, which is denied, said loss or damages were caused in whole or in part by other superseding causes that were unforeseeable over which Sucden had no control and for which Sucden is not responsible.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33.     Defendant Sucden claims the benefit of any and all limitations, defenses, rights and liberties contained in any applicable international convention, statute, regulation, law, bill of lading, charter party, and/or other contract of carriage, whether foreign or domestic.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34.     There was a failure to mitigate the damages alleged in the Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35.     Defendant Sucden hereby gives notice of its intent to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Sucden prays:

(A)     That judgment be entered in favor of defendant Sucden and against Plaintiff dismissing the Complaint herein;

(B)     That the Court award Sucden its costs and disbursements in relation to this action; and

(C)     That the Court grant Sucden such other and different relief as may

be just and proper.

Dated: New York, New York
       February 18, 2014

                                        HILL RIVKINS LLP
                                        *Attorneys for Defendant*


                              By:     s/ Anthony J. Pruzinsky
                                        Anthony J. Pruzinsky
                                        Brian P. R. Eisenhower
                                        45 Broadway – Suite 1500
                                        New York, New York 10006
                                        (212) 669-0600

32110\Answer

## <u>CERTIFICATE OF SERVICE</u>

Anthony J. Pruzinsky, an attorney duly admitted to practice before this Honorable Court and practicing with the firm Hill Rivkins LLP, 45 Broadway – Suite 1500, New York, New York 10006, affirms that on this 18th day of February 2014, I served a true copy of Defendant's Answer upon:

> Edward A. Keane
> MAHONEY & KEANE, LLP
> *Attorneys for Plaintiff*
> 40 Worth St., Tenth Floor
> New York, New York 10013

by electronic means via the Court's electronic filing system.


Dated:          February 18, 2014
                New York, New York


                                        s/ Anthony J. Pruzinsky
                                        Anthony J. Pruzinsky